## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

### INTRODUCTION AND AGENT BACKGROUND

I, Tadd Downs, being duly sworn, hereby depose and state as follows:

1.     I am a Special Agent of the United States Secret Service (USSS) and have been employed as such since March 3, 1996.  I am currently assigned to the Missoula Domicile/Billings, Montana, office.  I make this affidavit based on my personal knowledge and upon information received by me from other law enforcement officials.

2.     This affidavit supports an application for an arrest warrant for **Michael O'Neill and Kelly Nicholls**.  Based on the information below, I have probable cause to believe that **Michael O'Neill and Kelly Nicholls** committed a criminal offense, specifically the manufacture and possession of counterfeit currency in violation of 18 U.S.C. § 471 (manufacturing counterfeit currency) and 18 U.S.C. § 472 (uttering counterfeit obligations or securities).

### FACTUAL BACKGROUND

3.     In conjunction with my official duties with the USSS, I received Flathead County Sheriff's Office (FCSO) report number 201535316, dated 11/14/15, Lincoln County Sheriff's Office (LCSO) report number 215CR9381, dated 12/07/15, and Whitefish Police

1

Department (WPD) report numbers 2015-8806, dated 11/11/15, and

2015-9174, dated 11/29/15.  The FCSO report contains the following

information:

> a.      On 11/13/15, deputies from the FCSO and the Montana
>
> Highway Patrol (MHP) investigated an auto accident involving
>
> **Michael O'Neill**.  **Michael O'Neill** had driven a vehicle down
>
> a private road, nearly hit the complainant, continued driving
>
> recklessly, and eventually drove the vehicle into a river.  After
>
> the accident, **Michael O'Neill's** behavior was erratic, and he
>
> was transported to the North Valley Medical Center for
>
> treatment.  During their investigation, MHP and FCSO
>
> discovered that the vehicle **Michael O'Neill** was operating at
>
> the time of the accident was a stolen vehicle.  In addition,
>
> syringes indicative of illegal narcotics use were located inside
>
> the vehicle while MHP was attempting to locate proof of
>
> insurance and registration.  Upon discovery of these items, the
>
> MHP ceased their search and impounded the vehicle.  **Michael**
>
> **O'Neill** was arrested for the theft of the vehicle, and a search
>
> incident to his arrest resulted in the discovery of a jewel bag
>
> with a white crystal substance inside.  A NIK test was

conducted, which yielded a positive result for

methamphetamine.

b.      On 12/03/15, Det. Childers received a call from

Northwest Drug Task Force (NWDTF) Agent Brad Stahlberg

concerning the car that **Michael O'Neill** had stolen.  Agent

Stahlberg had obtained verbal consent to search the vehicle

from the vehicle's owner.  Agent Stahlberg indicated he had

searched the vehicle, and during his search he located a piece of

parchment paper that had the back of twenty-dollar bills printed

on it.

c.      Continuing on this same date, Det. Childers and Det.

Josh Buls (FCSO) responded to meet with Agent Stahlberg and

take possession of the counterfeit currency.  Det. Buls and Det.

Childers assisted in searching the remainder of the vehicle and

discovered several pieces of evidence indicative of

counterfeiting, to include a printer, paper cutter, marking pens,

heavy bond paper, and an uncut sheet of counterfeit $20 Federal

Reserve Notes (FRNs-back plate only).

4.     The WPD report referenced above contains the following information:

a.      On 11/11/15, at around 1900 hours, an unknown female went into the lobby of the Big Mountain Lodge, 6390 Highway 93 South, Whitefish, MT, and spoke with employee Trista Cochran.  The unknown female asked if Cochran could break a $20.00.  Cochran did and gave the female one $10 bill and two $5 bills.  Later in the evening, Cochran examined the bill and discovered it was counterfeit.  Surveillance video of the incident was obtained, and it appears that the unknown female arrived in a 4-door sedan driven by an unknown person.

b.      On 11/29/15, at approximately 2245 hours, an unknown female went into the lobby of the Grouse Mountain Lodge, 1205 Highway 93 West, Whitefish, MT, and spoke with employee Jennifer Neilsen.  The unknown female asked if Nielsen could make change for a $50.  Neilsen provided the unknown female $50 in smaller bills.  Upon the unknown female leaving, Neilsen took a closer look at the bill and suspected it to be counterfeit.  Neilsen then contacted the WPD.

5.      The above-referenced LCSO report contains the following information:

a.      On 11/29/15, at approximately 2030 hours, Victoria

Ogden, an employee at the Ranch Hand bar, Eureka, MT,

reported to the LCSO that an individual had passed two

counterfeit bills at the store.  Ogden stated that a man about

6'2" tall with a reddish/brown long beard came into the store

and purchased items.  He paid with two $20 bills and exited the

store.  The unknown male was accompanied by a "bigger

woman with long blonde hair."  Upon the individual leaving the

store, Ogden inspected the money and suspected it to be

counterfeit.  Ogden then contacted the LCSO and Deputy Niles

McKinney responded to take the report and retrieve the bills.

b.      On 12/03/15, LCSO Deputy Niles McKinney went to the

Ranch Hand and obtained surveillance video of the above-

referenced incident.  Deputy McKinney was able to identify the

male who had passed the counterfeit as **Michael O'Neill**.  He

also identified the female accompanying **Michael O'Neill** as

**Kelly Nicholls** from having previous encounters with both.

6.    On 12/08/15, Det. Erickson and I went to the Grouse Mountain Lodge

and spoke with Neilsen.  We showed her a drivers license photo of

**Kelly Nicholls.**  Neilsen was not able to positively identify the

5

woman, but Det. Erickson and I were able to view the video

surveillance of the incident while at the Grouse Mountain Lodge.  It is

both Det. Erickson's and my opinion that the individual in the video

surveillance shares a strong resemblance to Nicholls.  A request

through Grouse Mountain Lodge to obtain a copy of the video

surveillance was requested on this date.

7. Continuing on 12/08/15, Det. Erickson and I went to the Big

Mountain Lodge and spoke with Cochran.  We showed her a photo of

**Kelly Nicholls** in an attempt to identify **Kelly Nicholls** as the person

who passed the counterfeit.  Cochran said that she was "85 percent

sure" that the person in the photograph was the person who provided

her the counterfeit currency.  Continuing on this date, Det. Erickson

and I watched the video surveillance from this incident, and it is both

Det. Erickson's and my opinion that the individual in this video is

**Kelly Nicholls**.  Additionally, we were able to observe the vehicle

that **Kelly Nicholls** arrived in and the vehicle is a 4-door sedan with

distinctive wheels.

8. On 12/09/15, Det. Erickson showed the video surveillance of the

incident at Big Mountain Lodge to Det. Robert Venamen, WPD and

the NWDTF.  Det. Venamen had personally observed the stolen

6

vehicle that **O'Neill** was operating at the time of his arrest on 11/13/15 which contained the instrumentalities of counterfeiting.  Det. Venamen indicated that the vehicle that **Nicholls** arrived in at the Big Mountain Lodge was the same as the vehicle that **O'Neill** had stolen.

9.      From 10/01/15 to 11/30/15, the USSS received approximately 131 counterfeit FRNs from the Kalispell, MT, and Flathead Valley areas, which represents more than three times the amount the USSS normally receives from that part of the state.

10.     On 12/07/15, a search of the USSS Master Criminal Index (MCI) database was conducted to determine if **Michael O'Neill** was of record with this Service.  Michael O'Neill was of record as a subject with the USSS stemming from an administrative case involving counterfeit in 1994 from the Portland, OR, office.  The case type was "711" to indicated counterfeit currency.  Due to the age of the case, no documents were able to be located from the Portland office of the USSS.

## CONCLUSION

11.     Based on the foregoing, the government requests that this Court issue a complaint and an arrest warrant for **Michael O'Neill** for violations of 18 U.S.C. § 471 (manufacturing counterfeit currency) and 18

7

U.S.C. § 472 (uttering counterfeit obligations or securities) and **Kelly**

**Nicholls** for violation of 18 U.S.C. § 472 (uttering counterfeit

obligations or securities).

FURTHER AFFIANT SAYETH NOT.

Tadd Downs
Special Agent, U.S. Secret Service

Signed and sworn to before me this /8th day of December, 2015.

Jeremiah C. Lynch
United States Magistrate Judge